UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS E. JONES-EL,
*now known as* MUSTAFA-EL K. A. AJALA,

        Plaintiff,

        v.                                          Case No. 23-C-1138

MARY MOORE, et al.,

        Defendants.

## DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS

        Plaintiff Dennis E. Jones-El, who is now known as Mustafa-El K. A. Ajala, is representing himself in this 42 U.S.C. §1983 action. Although Plaintiff is no longer incarcerated, he was a prisoner when he filed his complaint, so the Prison Litigation Reform Act applies to this case. On February 6, 2024, Defendants Mary Moore, Cheryl Jeanpierre, Robert Weinman, and Paula Stelsel moved for summary judgment on the ground that Plaintiff failed to exhaust the available administrative remedies before he initiated this lawsuit. Dkt. No. 16. For the reasons explained below, the Court will deny Defendants' motion.

### BACKGROUND

        On October 11, 2023, the Court screened Plaintiff's complaint and allowed him to proceed on Eighth Amendment claims based on allegations that, in late August through early September 2020, Dr. Jeanpierre and Moore delayed examining his bicep injury; from September 2020 through April 2021, they failed to expedite diagnostic tests; and from April through October 2021, they failed to expedite a referral to an offsite specialist. Plaintiff was also allowed to proceed on an Eighth Amendment claim against Moore based on allegations that she improperly changed Dr.

Jeanpierre's orders for the MRIs scheduled in September 2020 and April 2021. He also was allowed to proceed on an Eighth Amendment claim against Weinman based on allegations that he failed to address Plaintiff's complaints about a delay in seeing the offsite specialist to whom he had been referred. And, finally, on November 14, 2023, the Court allowed Plaintiff to proceed on an Eighth Amendment claim against Stelsel based on allegations that she ignored multiple complaints from Plaintiff that he was facing an unreasonable delay in receiving treatment for his bicep injury. Dkt. Nos. 6, 10.

On August 4, 2021, the institution complaint examiner acknowledged Plaintiff's inmate complaint, in which he stated that he had been experiencing deliberate indifference to his serious medical need since August 23, 2020. Specifically, Plaintiff wrote:

> On 8-23-21 [sic], I w[rote] HSU requesting to be seen for a tear to my right bicep which I incurred on 8-21-20 while restraining a mentally ill prisoner having a mental health breakdown. Thus, the injury was only 2 days old. I followed it up with an 8-26-20 HSR, a 9-2-20 HSR, and many more all the way up to this present time, which has now been nearly a year without any repair to my arm, which may now be beyond repair. In my 9-2-20 HSR (Attachment #1) and a 9-6-20 HSR I quoted Mayo Clinic: "Most often, elbow bicep tendon tears should take place as soon as possible. If left untreated, the muscle and tendon begin to shorten and scar, making surgical repair difficult later." Despite this clear medical warning, and my numerous and continued HSR requests, my arm has been left untreated. It's as if Mary Moore and Dr. Jeanpierre have intended to have my arm become beyond repair. There's no other way for me to see it, in the face of me quoting to them Mayo Clinic itself, the best medical research facility in the U.S. and the world, repeatedly ranked as such. I simply want my arm repaired, as it is deformed, still spasms, is weakened, my grip is not good (constantly dropping things), and it's painful to try to use it in many day-to-day activities.

Dkt. No. 23 at ¶¶7-9.

That same day, the complaint examiner rejected the inmate complaint on the basis that Plaintiff had submitted it outside the fourteen-day window permitted by Wis. Admin. Code DOC §310.07(2). The complaint examiner noted, "Plaintiff complains that he needs medical attention

to his right bicep muscle and tendon tear. He dates the incident on August 23, 2020." Plaintiff timely appealed the rejection, highlighting that he was still not being treated and that he had dated the incident as occurring on "8-23-20 – now, and ongoing." Plaintiff asked that his inmate complaint be addressed and that he be treated without further delay. On August 27, 2021, the reviewing authority rejected Plaintiff's appeal, noting that the complaint examiner had properly rejected it as untimely. The reviewing authority also noted that, "Patient has future appointment scheduled with UW Orthopedic Clinic." Dkt. No. 23 at ¶¶10-13.

**LEGAL STANDARD**

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

3

# ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Plaintiff was a prisoner when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). According to the U.S. Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "A prisoner's failure to exhaust administrative remedies before filing a claim is an affirmative defense, . . . [so] defendants have the burden of pleading and proving the defense." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999).

Wisconsin has established the Inmate Complaint Review System (ICRS) as the principal administrative remedy for prisoners. *See* Wis. Admin. Code DOC §310.04. Under the ICRS, a prisoner must file an inmate complaint within fourteen days after the occurrence giving rise to the complaint. DOC §310.07(2). "Failure to comply with administrative deadlines dooms the claim except where the institution treats the filing as timely and resolves it on the merits." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005).

The undisputed facts show that Plaintiff's inmate complaint about delayed treatment for his bicep injury complied with DOC §310.07(2), so the complaint examiner had no basis for rejecting it as untimely. In the "Date of Incident" section, Plaintiff wrote a date range *beginning* on August 23, 2020, and *continuing through* "now, and ongoing." He also identified the issue of his inmate complaint as a "failure to repair torn arm." And, finally, he highlighted that he "keep[s]

4

being told medical treatment is coming, but it's been nearly a year w/o any," concluding with a plea that he "simply want[s] [his] arm repaired, as it is deformed, still spasms, is weakened, [his] grip is not as good (constantly dropping things), and it's painful to try to use it in many day-to-day activities." Dkt. No. 19-3 at 8-10. Despite a clear explanation of an on-going harm that Plaintiff believed began in August 2020 and continued through the present, the complaint examiner inexplicably concluded that, to be timely, Plaintiff should have submitted his inmate complaint within fourteen days of the first day he reported his injury. That conclusion makes no sense. There was no harm to complain about within fourteen days of the first day he reported his injury because there was not yet a delay in treatment. As described in the inmate complaint, Plaintiff filed multiple health services requests to obtain treatment, and it was only after waiting for nearly a year, that he resorted to filing an inmate complaint about the delay. Because the alleged delay in treatment was ongoing at the time he filed his inmate complaint, the inmate complaint was timely under §310.07(2). The complaint examiner therefore improperly rejected Plaintiff's inmate complaint, making the administrative remedies unavailable to him. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting.").

Having decided that Plaintiff's inmate complaint was improperly rejected, the Court must now identify the claims the inmate complaint provided notice of. The Seventh Circuit has explained that the "primary purpose of the exhaustion doctrine [is to] alert[] the prison officials to the existence of the problem and afford[] an opportunity to repair the injury." *Lockett v. Bonson*, 937 F.3d 10416, 1027 (7th Cir. 2019). An inmate need only "provide[] notice to the prison of the

5

nature of the wrong for which redress is sought." *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citations omitted).

As noted, Plaintiff's inmate complaint focused on the ongoing delay in treatment for his bicep injury. Plaintiff explained that he had submitted numerous written requests for treatment beginning just days after he injured his arm, noting that it seemed that Moore and Dr. Jeanpierre wanted his arm to become unrepairable. The Court concludes that Plaintiff's inmate complaint was adequate to exhaust all of his claims. *See, e.g., Henry v. Deshler*, No. 21-2185, 2021 WL 2838400, at *2 (7th Cir. July 8, 2021). Plaintiff does not complain about specific treatment decisions in his inmate complaint; instead, he complains about the overall handling of his injury, which included delays in scheduling diagnostic tests, improper diagnostic tests, delays in referring him to an offsite specialist, and failing to address his complaints about the delays.

In short, the Court finds that the administrative remedies were unavailable to Plaintiff and that the inmate complaint that Plaintiff timely filed was adequate to provide the institution notice of the claims he now pursues in this case. Accordingly, Defendants' motion for summary judgment on exhaustion grounds must be denied.

## CONCLUSION

For these reasons, the Court **DENIES** Defendants' motion for summary judgment on exhaustion grounds (Dkt. No. 16).

Dated at Green Bay, Wisconsin this 10th day of April, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge